IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICEUTICA PTY LTD and<br>IROKO PHARMACEUTICALS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>NOVITIUM PHARMA LLC<br><br>    Defendant. | C.A. No. 18-599-CFC<br><br>■■■■■■■■■■<br><br>PUBLIC VERSION |

LETTER TO THE HONORABLE COLM F. CONNOLLY
FROM MARTINA TYREUS HUFNAL REGARDING DISCOVERY DISPUTE

Ron F. Vogel
Fish & Richardson P.C.
601 Lexington Ave, 52nd Floor
New York, NY 10022
Phone: (212) 641-2309
Fax: (212) 258-2291
rvogel@fr.com

W. Chad Shear (#5711)
Megan A. Chacon
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070
Fax: (858) 678-5099
shear@fr.com
chacon@fr.com

FISH & RICHARDSON P.C.
Martina Tyreus Hufnal (#4771)
Grayson P. Sundermeir (#6517)
Fish & Richardson P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19801
Phone: (302) 652-5070
Fax: (302) 652-0607
hufnal@fr.com
sundermeir@fr.com

*Attorneys for Plaintiffs*

Dated: February 5, 2019

cc: All Counsel of Record (via electronic Mail)

Dear Judge Connolly,

Plaintiffs iCeutica Pty Ltd and Iroko Pharmaceuticals, LLC requested a discovery dispute hearing, currently scheduled for February 7, 2019, to address one issue: Novitium Pharma LLC's ("Novitium's") refusal to produce documents and information relevant to Plaintiffs' infringement case. Despite ***not disputing the relevance*** of the emails, internal presentations, and other documents sought, Novitium refuses to produce these documents, citing only the burden on Novitium from having to do so. It was Novitium's choice to pursue a generic version of Plaintiffs' product, submit an ANDA certifying under 21 U.S.C. § 355(b)(2)(A)(iv), and serve Plaintiffs with a Paragraph IV Letter, initiating this lawsuit. It cannot now deprive Plaintiffs of the documents necessary to pursue the litigation. Novitium's refusal to produce emails and other ESI is contrary to the case law, unreasonable, and highly prejudicial to Plaintiffs' ability to prove their case.

**Relevant Background.** The parties have had extensive back and forth on this issue. Below is a summary of the key events on the timeline leading up to the current discovery dispute.

- **Aug. 20, 2018**: Plaintiffs served Requests for Production ("RFPs") on Novitium. *See* Ex. A, Plaintiffs' First Set of Requests for Production of Documents and Things.
- **Sept. 19, 2018**: Novitium served its Responses to the RFPs, refusing to produce any documents other than its ANDA. *See* Ex. B, Novitium's Response to Plaintiffs' RFPs.
  - In General Objection No. 20, Novitium specifically refused to search for emails or other ESI on the basis that doing so would be "unreasonably burdensome … where the burden, cost, and/or expense of such production outweighs the likelihood that relevant information will be retrieved."
  - In its response to 36 of the RFPs, Novitium stated that production of its ANDA alone was sufficient. *See id*. at RFP Nos. 1, 3, 6-11, 13-14, 16-18, 20, 24-35, 38, 40, 42-47, and 50-51.
  - For another 12 of the RFPs, Novitium categorically refused to search for any responsive documents. *See id*. at RFP Nos. 5, 15, 19, 21-22, 36, 37, 39, 48-49, and 52-53.
- **Oct. 19, 2018**: Plaintiffs wrote Novitium explaining that the ANDA is not sufficient at least because it does not address all the claim limitations, explained the relevance of emails and other ESI, and cited case law supporting Plaintiffs' request for additional documents. *See* Ex. C, Letter to Burgy from Vogel.
- **Nov. 2, 2018**: The parties met and conferred. Novitium suggested that it <u>may</u> be willing to produce documents besides the ANDA but otherwise complained of the breadth of Plaintiffs' RFPs given the issues in the case. *See* Ex. D, Letter to Camposanto from Vogel, Nov. 7, 2018, at 2. Plaintiffs requested that Novitium set out its concerns about the scope of Plaintiffs' requests in writing so that Plaintiffs could consider narrowing the requests. *Id*. Plaintiffs again described the relevance of the information sought and the impropriety of Novitium's refusal to produce emails and other ESI. *See id*.at 1-3.
- **Nov. 16, 2018**: Plaintiffs served Novitium with Requests for Admission ("RFAs") in an attempt to streamline the issues in this case. *See* Ex. E, Plaintiff's First Set of RFAs (Nos. 1-36). Novitium denied 26 of the 36 RFAs, including, for example, all RFAs directed to particle size and pharmacokinetic claim limitations. *See* Ex. F, Novitium's Responses and Objections to Plaintiff's RFAs. In short, the scope of the case was not narrowed.
- **Nov. 27, 2018**: In an effort to avoid further dispute, Plaintiffs, on their own initiative, proposed narrowing revisions to nine RFPs. *See* Ex. G, Letter from Vogel to Camposanto.

1

- **Nov. 28, 2018**: Novitium requested time to review the requests, and the parties extended the document production deadline to January 18, 2019. *See* Ex. H, Email from Camposanto to Vogel, Nov. 28, 2018; Ex. I, Email from Vogel to Camposanto, Dec. 3, 2018.
- **Dec. 4, 2018**: Novitium agreed to produce lab notebooks, but still refused to produce relevant emails or other ESI, proposing to "enter further discussions" if Plaintiffs later determine additional documents are necessary. Ex. J, Email from Camposanto to Vogel, Dec. 4, 2018. Plaintiffs objected to this approach. *See* Ex. K, Email from Vogel to Camposanto, Dec. 5, 2018; Ex L, Email from Camposanto to Vogel, Dec. 5, 2018.
- **Dec. 12, 2018**: During a meet and confer, Novitium acknowledged the relevance of email and other ESI, but continued to refuse to produce them. *See* Ex. M, Email from Vogel to Camposanto, Dec. 13, 2018.
- **Jan. 18, 2019**: Novitium produced 46 laboratory notebook pages with numerous redactions.
- **Jan. 31, 2019**: Plaintiffs informed Novitium that Plaintiffs have reviewed the laboratory notebooks and determined that they do <u>not</u> address Plaintiffs' discovery requests. *See* Ex. N, Email from Sundermeir to Camposanto, Jan. 31, 2019.

Novitium continues to refuse to produce emails or other ESI.

**Novitium Does Not Dispute the Relevance of Emails and Other ESI.** At issue in this case is whether Novitium's proposed ANDA product infringes the asserted patents both literally and under the doctrine of equivalents. *See* Ex. O, Excerpt of Plaintiffs' Initial Infringement Contentions, Oct. 3, 2018. Plaintiffs have also alleged induced infringement and requested injunctive relief. *See* D.I. 1. Novitium alleges that it does not infringe the asserted patents based on several claim limitations, including the claimed particle size limitations. While the ANDA may control the infringement analysis when it contains the relevant information, in this case, Novitium's ANDA does not contain all the relevant information. For example, Novitium's ANDA does not report ███████████████████████████████████████████████████████████ Any or all of these topics can be relevant to infringement, either literal or under the doctrine of equivalents. *AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, 2018 U.S. Dist. LEXIS 86434, at *3-4 (D. Del. May 23, 2018) (Citing Fed. R. Civ. P. 26(b)(1) and noting that "[r]elevance is a forgiving standard"). Nor does Novitium's ANDA bear on other relevant issues, such as Plaintiff's request for injunctive relief or claims of induced infringement. As a result, Plaintiffs properly and timely sought discovery in the focused areas of Novitium's research and development, Novitium's ultimate product, any other formulations Novitium tried, Novitium's target market for selling its product, and Novitium's forecasts for its ultimate product. *See, e.g.,* Ex. A at RFPs 7-10, 25, 31, 48-50; Ex. C at 4; Ex. D at 1-2; *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1568, 1570 (Fed. Cir. 1997). Critically, Novitium ***does not challenge*** the relevance of these document requests. *See* Ex. M (describing that Novitium conceded the relevance of these documents during the meet and confer, which was never challenged by Novitium).

Plaintiffs seek the same types of ESI documents sought in every other Hatch Waxman or patent litigation. They include laboratory notebooks, emails, meeting minutes, memorandums, or PowerPoint presentations, and any other relevant ESI that might exist on the relevant topics. Lab notebooks, emails and other ESI directed to Novitium's research and development are likely to show internal testing and documentation regarding particle size measurements (including what they are and how Novitium chose these measurements), and how Novitium chose the formation it ultimately developed. This information can be relevant for the direct infringement analysis and/or

an equivalence analysis, and potentially shed light on what Novitium thinks is or is not proper for expert discovery. Similarly, emails and internal presentations on target markets and forecasts are relevant to a potential injunction, if Novitium were to launch at risk, and Plaintiffs' inducement claims. Again, Novitium concedes that emails and other ESI are can be relevant. *See* Ex. M. Novitium has already agreed to produce lab notebooks, though Novitium's production so far has been limited. Plaintiffs reviewed the lab notebooks and still are missing the potentially relevant information described above. *See* Ex. N. In cases like this, where an ANDA (and laboratory notebooks) do not directly address every issue of infringement, courts are "directed to consider the ANDA itself . . . and other pertinent evidence provided by the parties. . . ." *See Glaxo*, 110 F.3d at 1570; (emphasis added); *Ferring B.V. v. Watson Labs., Inc-Fla.*, 764 F.3d 1382, 1387-88 (Fed. Cir. 2014). Here, Plaintiffs are simply asking for the discovery to explore what may or may not be ultimately relevant to the case.

**Novitium's Only Response Is That Document Production Would Be "Unduly Burdensome."** Novitium has provide no authority or explanation for its refusal to produce the requested documents. Novitium must show that the burden outweighs the benefit of the sought after discovery. *See Medicis Pharm. Corp. v. Actavis Med. Atl. LLC,* 282 F.R.D. 396, 396-98 (D. Del. 2012). Novitium cannot persuasively assert that their burden in searching for email (for example) is undue. First, the normal practice in litigation, including Hatch Waxman litigation, is to err on the side of allowing discovery. *See AbbVie Inc.*, 2018 U.S. Dist. LEXIS 86434, at *3-4. Second, as of December 12th, Novitium did not even know what was in its email.[1] Third, the parties have not yet discussed potential search terms, rendering Novitium's claim of burden merely speculative. Fourth, Plaintiffs have endeavored to work to reasonably narrow the scope of the production, without any reciprocation from Novitium.

Novitium's only proposal is to wait until Plaintiffs show a need for additional information after reviewing Novitium's lab notebooks and testing Novitium's product samples. *See* Ex. J; Ex. M. Plaintiffs have reviewed the lab notebooks and, as explained to Novitium (*see* Ex. N), they are insufficient. Yet, Novitium has not agreed to produce anything else. Testing is, of course, an option for Plaintiffs to prove infringement during expert discovery. But it is by no means required during fact discovery. Fundamentally, as shown by the timeline set out above, a piecemeal approach to discovery is inefficient and prejudicial. The deadline for document production has been already extended once and the extended deadline has passed. The end of fact discovery is approximately two months away, and Plaintiffs cannot effectively conduct depositions without all relevant materials. Novitium's approach turns the process on its head: Plaintiffs should be allowed discovery into relevant issues through the normal course of propounding relevant requests for production and not be forced to blindly guess what Novitium might or might not have.

Ultimately, Novitium invites this Court to condone a defendant's ability to withhold relevant information on the basis that it simply does not want to search for it. Novitium's unilateral actions significantly hamstring Plaintiffs' ability to meet their burden to prove infringement. Plaintiffs respectfully request that this Court order the production of responsive emails and other ESI.[2]

---

[1] Notably, Novitium sought to use the parties' lack of knowledge as a sword, asserting that because Plaintiffs do not know what information exists in Novitium's emails or ESI, Plaintiffs had no meaningful basis to assert their relevance.

[2] If required to produce ESI, Novitium will also need to provide initial disclosures pursuant to Paragraph 3 of the District of Delaware Default Standard for Discovery.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICEUTICA PTY LTD and<br>IROKO PHARMACEUTICALS, LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>NOVITIUM PHARMA LLC<br><br>   Defendant. | C.A. No. 18-599-CFC |

**AVERMENT OF COUNSEL**

I, Martina Tyreus Hufnal, pursuant to Paragraph 5 of the Court's Scheduling Order (D.I. 31), hereby aver that counsel for Plaintiffs iCeutica Pty Ltd. and Iroko Pharmaceuticals, LLC and Defendant Novitium Pharma LLC have made reasonable efforts to reach agreement on the matters set forth in this LETTER TO THE HONORABLE COLM F. CONNOLLY FROM MARTINA TYREUS HUFNAL REGARDING DISCOVERY DISPUTE, including oral communications involving Delaware counsel for both parties.

 */s/ Martina Tyreus Hufnal*
Martina Tyreus Hufnal (#4771)